FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2012 JAN 23 AM 11:59
CLERK [signature]
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| LATRIA GRENISE SMITH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 111-191 |
| ) | (Formerly CR 109-201) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, an inmate confined to federal custody at FPC Alderson in Alderson, West Virginia, has filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct her sentence. The matter is now before the Court for an initial review of Petitioner's motion as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be **DISMISSED** and that this civil action be **CLOSED**.

I.  **BACKGROUND**

In an information filed on December 4, 2009, Petitioner was charged with one count of using a communication facility (telephone) in committing, causing, and facilitating the commission of a felony, in violation of 21 U.S.C. §843(b). United States v. Smith, CR

109-201, doc. no. 1 (S.D. Ga. Dec. 4, 2009) (hereinafter "CR 109-201").[1] Petitioner pleaded guilty to the sole count charged in the information pursuant to a written plea agreement, id., doc. nos. 10, 11, and a judgment of conviction was entered on May 10, 2010. Id., doc. no. 15. On May 4, 2010, The Honorable J. Randal Hall, United States District Judge, sentenced Petitioner to 48 months of imprisonment followed by one year of supervised release. Id. On February 14, 2011, Petitioner filed a motion to refashion her sentence to permit her to serve the remainder of her sentence in a halfway house or in home confinement, id., doc. no. 17, which was denied, id., doc. no. 20. Subsequently, on May 5, 2011, the Government moved to reduce Petitioner's sentence pursuant to Federal Rule of Criminal Procedure 35(b). Id., doc. no. 19. On June 29, 2011, Judge Hall granted the Government's motion and reduced Petitioner's sentence from a total term of imprisonment of 48 months to a total term of 39 months, with all other terms of the sentence to remain in effect as originally imposed. Id., doc. no. 23.

Petitioner enumerates a single ground for relief in her § 2255 motion, which was filed on November 23, 2011. (Doc. no. 1.) She asserts that she has "newly discovered evidence [of] a 2-point gun enhancement charge" on her sentence, which she argues is erroneous

---

[1] Petitioner was initially indicted in a separate, multi-defendant drug conspiracy case, United States v. Smith, CR 109-073, doc. no. 3 (S.D. Ga. June 4, 2009). Specifically, Petitioner was indicted for: (1) conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(b)(1) and 846; (2) distribution of cocaine hydrochloride and possession with intent to distribute cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1); and (3) possession of a firearm in furtherance of a drug trafficking crime and use of a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c). Id. The government dismissed the indictment in that case as to Petitioner in exchange for Petitioner pleading guilty to the offense charged in the information in CR 109-201. See id., doc. no. 340; CR 109-201, doc. no. 10, p. 3.

2

because she only pleaded guilty to use of a communication facility in causing or facilitating the commission of a felony. (Id. at 1-2.) Notably, Petitioner does not indicate when she "newly discovered" this information. Attached to her motion is a letter from Vincent M. Davison, Jr., Petitioner's counsel in her underlying criminal proceedings, who wrote to Petitioner on July 22, 2011:

> I do not know why a gun enhancement should be on your record. You did not plead guilty to any weapons charges. The only charge to which you pleaded guilty was "Use of a Communication Facility (telephone) to Cause or Facilitate the Commission of a Felony (drug sale)." However, the pre-sentence investigation report does allege that weapons were found in the home you shared with one of the co-defendants . . . .

(Id. at 3.) Petitioner further asserts that the 2-point gun enhancement prevents her from working as a "town driver" and "also stop[s] [her] from being [in] community custody for jobs and furloughs."[2] (Id. at 2.)

## II. DISCUSSION

28 U.S.C. § 2255, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides a one-year statute of limitations for § 2255 motions. According to the AEDPA, the statute of limitations period shall run from the latest of four possible dates:

---

[2] To the extent Petitioner is challenging the denial of her eligibility for jobs and furloughs, such claims relate to the execution of her sentence by the Board of Prisons. As Judge Hall explained in his Order denying Petitioner's motion to refashion her sentence, 28 U.S.C. § 2241 provides the exclusive remedy for claims challenging the execution of her sentence. CR 109-201, doc. no. 20, p. 2 (citing Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1352 n.1 (11th Cir. 2008)). Yet as Judge Hall also explained, even if the Court were to construe the instant motion as a § 2241 petition, it would be dismissed for lack of jurisdiction because a § 2241 petition must be brought in the district in which Petitioner is in custody – in this case, the Southern District of West Virginia. See 28 U.S.C. § 2241(d).

1. the date on which the judgment of conviction becomes final;

2. the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3. the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4. the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). As no direct appeal was filed in CR 109-201, Petitioner's conviction and sentence in that case became final fourteen days after judgment was entered. See Fed. R. App. P. 4(b)(1). Thus, for the purpose of determining the timeliness of the above-captioned motion, Petitioner's conviction became final in May of 2010. Accordingly, Petitioner's motion, filed well over a year later, is untimely unless one of the three exceptions under § 2255(f) applies.

Because Petitioner asserts that she has newly discovered evidence of a 2-point gun enhancement on her sentence (doc. no. 1, p. 1), she has raised the issue of whether § 2255(f)(4) extends the start of the limitations period to "the date on which the facts supporting the claim . . . could have been discovered through the exercise of due diligence." Accordingly, the Court proceeds to address whether the one-year limitations period under § 2255(f)(4) applies in this case.

The Eleventh Circuit has explained that the one-year limitations period of § 2255(f)(4) is triggered not when a petitioner actually discovers the facts supporting her claim, but "when the facts *could have been* discovered through the exercise of due diligence." Aron v. United

4

States, 291 F.3d 708, 711 (11th Cir. 2002). In this regard, a petitioner is not required to use "the maximum feasible diligence, but only 'due,' or reasonable diligence." Id. at 712. "Due diligence therefore does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option, but to make reasonable efforts." Id. That being said, if prompt action would have produced the facts supporting the claim, a court should not apply § 2255(f)(4). See Johnson v. United States, 544 U.S. 295, 311 (2005) (holding that § 2255(f)(4) was "unavailable" where "there is every reason to believe that prompt action would have produced [the factual basis for the claim] well over a year before [the petitioner] filed his § 2255 petition").

Here, Petitioner asserts that she recently discovered a 2-point gun enhancement on her sentence (doc. no. 1, p. 1), although she does not specify when she made this discovery.[3] Yet regardless of when she discovered the enhancement, the Court finds that Petitioner fails to satisfy § 2255(f)(4)'s requirement that she use due diligence to discover the facts underlying the instant claim. As explained above, Petitioner was initially indicted in CR 109-073 for, *inter alia*, possession of a firearm in furtherance of a drug trafficking crime and use of a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c). CR 109-073, doc. no. 3, pp. 6-7. This charge also appears on Petitioner's plea agreement. CR 109-201, doc. no. 10, p. 1. Although Petitioner's plea agreement required her to plead guilty solely to use of a communication facility, id. at 3, it advised her that the United States Probation Office would

---

[3]Based on the timing of the letter Petitioner received from Mr. Davison, which is dated July 22, 2011 and acknowledges receipt of a letter from Petitioner the week prior, Petitioner apparently discovered the two-point gun enhancement on her sentence sometime in June or July of 2011.

5

prepare a presentence investigation report considering "all of [her] conduct related to the offense to which she is pleading, as well as [her] criminal history, and that these facts will be considered by the Court in determining [her] sentence," id. at 7 (emphasis in original). The plea agreement's advisement that all of her conduct would be considered should have been the first signal to Petitioner that her involvement with a firearm in her underlying criminal case could factor into the sentence she received following her guilty plea.

Moreover, as noted above, Petitioner's pre-sentence investigation report – which as the name suggests, was available to her prior to sentencing – indicates that weapons were found in the home she shared with a co-defendant. (Id. at 3.) Thus, "there is every reason to believe that prompt action" on Petitioner's part to examine her pre-sentence investigation report prior to sentencing could have produced the factual basis for the instant claim, and her delay in discovering an enhancement premised on information found in the report demonstrates a lack of due diligence. See Johnson, 544 U.S. at 311; see also United States v. Goodrum, 584 F. Supp. 2d 1026, 1031 (N.D. Ohio 2008) (finding that petitioner who did not discover alteration to his pre-sentence investigation report more than four years after it had been altered failed to demonstrate due diligence). Thus, § 2255(f)(4) does not provide grounds for extending the deadline for filing Petitioner's § 2255 motion. Indeed, even if § 2255(f)(4) applied, it would not help Petitioner because the facts giving rise to the instant claim were discoverable *before* Petitioner was even sentenced on May 4, 2010.

Furthermore, Petitioner had at least two other opportunities to learn of the gun enhancement on her sentence – both of which occurred within the one-year limitations period following the date her sentence became final in May of 2011. First, Petitioner had the

6

opportunity to examine her sentence when she brought her prior challenge to the execution of her sentence in February of 2011. See CR 109-201, doc. no. 17. Second, Petitioner also had the opportunity to examine her sentence in early May of 2011, when the Government moved for a reduction in her sentence pursuant to Federal Rule of Criminal Procedure 35(b). See id., doc. no. 19. In short, Petitioner had numerous opportunities to discover the two-point gun enhancement on her sentence, and her delay in discovering this information demonstrates a lack of due diligence. Thus, § 2255(f)(4) does not extend the deadline for filing the instant § 2255 motion.

Additionally, the Court notes that the Eleventh Circuit has held that the statute of limitations in § 2255 may be subject to equitable tolling. Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003), aff'd, 544 U.S. at 311. Equitable tolling can be applied to prevent the application of the AEDPA's statutory deadline, if a petitioner "shows '(1) that [she] has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way' and prevented timely filing." Holland v. Florida, 560 U.S. ___, 130 S. Ct. 2549, 2562 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson, 340 F.3d at 1226. The petitioner bears the burden of proving her entitlement to equitable tolling, Jones v. United States, 304 F.3d 1035, 1040 (11th Cir. 2002) (*per curiam*), and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both. Arthur v. Allen, 452 F.3d 1234, 1252 (11th Cir. 2006) (citing Pace, 544 U.S. at 418-19).

Here, Petitioner has not provided any explanation for the tardiness of her § 2255 motion, let alone an explanation that would satisfy the "extraordinary circumstances" threshold described above. Nor does the Court find a basis for such tolling upon an examination of the petition or the record. Thus, the Court concludes that there is no basis for equitably tolling the AEDPA's one-year statute of limitations.

Finally, the Court notes that consideration of an otherwise untimely petition for federal habeas relief may be appropriate upon a showing that a "fundamental miscarriage of justice" has occurred, whereby "a constitutional violation has resulted in the conviction of someone who is actually innocent." Murray v. Carrier, 477 U.S. 478, 495-96 (1985); see also Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000). The actual innocence exception "is exceedingly narrow in scope," and a petitioner seeking to invoke it must "show that it is more likely than not that no reasonable juror would have convicted [her]." Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)). "In addition, 'to be credible, a claim of actual innocence must be based on reliable evidence not presented at trial.'" Id. (quoting Calderon v. Thompson, 523 U.S. 538, 559 (1998)).

Here, Petitioner has not presented any new evidence to suggest that she did not commit the offense to which she pleaded guilty such that no reasonable juror would have convicted her. To the extent Petitioner argues that the 2-point gun enhancement was a separate "charge," she is mistaken; it is not necessary that Petitioner be separately convicted for possession of a gun in order for her to receive a sentencing enhancement for possession of a dangerous weapon (including a firearm). See United States Sentencing Guidelines

§§ 1B1.5(b)(1), 2D1.1(b)(1). Therefore, the actual innocence exception does not save the instant petition from being time-barred under the AEDPA.

In sum, because (1) the above-captioned motion was filed more than one year after Petitioner's conviction became final, (2) Petitioner has not pointed to any other valid statutory ground for extending the deadline for filing her federal petition, and (3) Petitioner has not satisfied the requirements for equitable tolling or presented any arguments sufficient to support a claim of actual innocence, Petitioner's § 2255 motion is time-barred by the AEDPA's one-year statute of limitations.

### III. CONCLUSION

Based on an initial review of the petition as required by Rule 4 of the Rules Governing Section 2255 Proceedings, the Court **FINDS** that Petitioner's motion is time-barred by the applicable one-year statute of limitations. Accordingly, the Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be **DISMISSED** and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 23rd day of January, 2012, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE